PAINE and PAINE vs. ROBERTS and others.

*New Trial.*

Where no exceptions were taken to the giving or denial of instructions, and all the errors excepted to in respect to the admission of evidence were such as, in view of the instructions given, could not prejudice the plaintiffs in error, *it seems* that the only question to be considered by the supreme court is, whether there was error in refusing a new trial, and if there was evidence sufficient to sustain the finding of the jury under the instructions, their decision will not be disturbed.

ERROR to the Circuit Court for *Winnebago* County.

Action of replevin for a quantity of saw logs. Answer, a general denial. The defendants gave the necessary security and retained the property.

The plaintiffs contracted with one Wood to cut a specified quantity of logs for them, on land in Waupaca county conveyed by him to them as security for advances, during the winter of 1868, and raft and deliver the same at Oshkosh. The logs in controversy are claimed by plaintiffs to be a part of the logs cut under this contract, and were marked with the same figures which were to be put upon the logs contracted for, and which had been previously used by Wood as his mark.

The logs were put into the Little Wolf river, and floated

down to the boom of the Wolf River Boom Company, and there put into rafts.

The testimony on the part of the plaintiffs tended to show a verbal delivery to them by Wood of all the logs so marked, at the boom, in the spring of 1868, the whole being much less than the full amount which he contracted to cut for them. The boom company separated the logs by their qualities, as indicated by the marks, and put them into rafts, as directed by the plaintiffs. All the others had been rafted and sent to the plaintiffs before Ruggles, through whom defendants claimed title, took those in controversy.

Some exceptions were taken to the admission of testimony relative to such delivery, which, in the view taken of the case, it is not necessary to notice. The testimony on the part of the defendants tended to show that Wood, in the fall of 1867, contracted to deliver some logs to one Ruggles, and that, soon after these logs were in the boom, Wood directed him to go and get them, assuring him that no one else had any claims on them, and Ruggles went up and had the logs rafted and shipped to him by the boom company, and sold them to the defendants. There was also testimony that part of the logs put into Wolf river by Wood in the winter of 1868, were cut on lands other than plaintiffs', and in another town.

The court charged the jury, in substance, that they must determine from the evidence, to whom a sale and delivery of these logs was first made; that a sale of all the logs of a certain mark which the vendor had at a specified place, for a given price per thousand, part of which was paid, would be a good delivery in law, if the parties intended then and there to transfer the title, although the logs had yet to be measured to ascertain the precise quantity; that if either of the parties purchased these logs before their delivery to the boom company, and was to go and get them from that company, then a delivery to that company was a good delivery to such party; but a sale of a certain number of feet out of a quantity of logs lying to-

gether is not a good delivery, so long as something remains to be done to designate and set apart that quantity; and that the plaintiffs could not recover unless they made a valid purchase and took a valid delivery prior to the delivery by the boom company to Ruggles.

Verdict for the defendants; motion for a new trial overruled; and judgment entered against the plaintiffs, to reverse which they took out this writ of error.

*Freeman & Allen,* for plaintiffs in error, claim that the verdict is wholly unsupported by the evidence. There was a good delivery to plaintiffs of all the logs having the same marks as those in dispute. 17 Wis., 351. The evidence does not show a binding contract between Wood and Ruggles; and there was no delivery to Ruggles by Wood or by his order. Wood had no title to the logs cut on the plaintiffs' land, and could not transfer any. If he mingled logs cut from other lands with those belonging to the plaintiffs, so that they could not be distinguished, the whole would belong to the plaintiffs, as against Wood or his assignees.

*E. P. Finch,* for defendants in error, contends that no exceptions having been taken to the instructions given to the jury, the only matters to be considered by this court are the rulings of the court in the admission and exclusion of testimony, and that in these there was no error; and that the question of delivery was fairly submitted to and passed upon by the jury.

Dixon, C. J. The exceptions to the rulings of the court excluding testimony offered by the plaintiffs in error, who were the plaintiffs below, are abandoned; and if they had not been, it is quite improbable that any error would have been found in them which would have operated to the advantage of the plaintiffs in this court. The court, as appears from the charge, submitted the cause to the jury altogether upon the question of delivery of the logs, or who received valid delivery of them first from Wood, whether it was the plaintiffs, or Rug-

gles from whom the defendants purchased. In this view, it might possibly have been error to sustain the objection taken to the question put to the witness *George M. Paine*, as to whether Wood delivered to him all the logs cut under the contract, had not the witness been immediately permitted to answer that he did deliver the logs in dispute. This last was enough, so far as proof could be made by that witness, of a delivery to the plaintiffs.

To the charge of the court, no exception whatever was taken by either party, and no special instructions were asked by either, so that it must be taken that both parties were content to have the cause go to the jury upon the mere question of delivery, with such explanations as were given them by the court upon that subject. Under these circumstances, it is extremely doubtful whether there is any question before us for consideration, upon the motion for a new trial, which was denied and exception taken, aside from the question whether there was any evidence before the jury to authorize their finding that a valid delivery of the logs was first made by Wood to Ruggles. There was evidence, no doubt, from which the jury might have found, and which in our judgment may have been the stronger and the better, that good and sufficient delivery was first made to the plaintiffs; but still the testimony upon the point was not of that clear and satisfactory kind that we can say the jury were positively bound to receive and return a verdict upon it. There was room for doubt, and it was a question fairly open to debate, whether the plaintiffs had established such a delivery. There was some confusion in the testimony, and it was for the jury to settle the question upon all the evidence before them. We cannot disturb their decision. On the other hand, supposing there had been no prior delivery to the plaintiffs, there was clear proof of an actual delivery to Ruggles. If he was to be believed (and that was for the jury), he obtained actual possession of the logs from the boom company, under an order and by the direction of Mr. Wood.

In this view of the case, and of the manner in which it was submitted, all other questions argued here seem to be entirely out of it. If the plaintiffs had desired to raise any question as to a fraudulent or improper mixture of logs by Wood, or to have the jury pass upon the plaintiffs title to the logs as having been cut upon their own land under their contract with Wood, special instructions should have been prepared and the opinion of the court taken upon them, so that they could have been given to the jury, or, if not given, the points saved by proper exceptions. And the same course should have been pursued as to other points, which are urged here but cannot be considered.

*By the Court.*—Judgment affirmed.